Cruz v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-206-CR
No. 10-92-207-CR

     THOMAS CRUZ,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court Nos. 92-99-C and 92-100-C
                                                                                                    

O P I N I O N
                                                                                                    

      Thomas Cruz was convicted by a jury of two counts of involuntary manslaughter in cause
numbers 92-99-C and 92-100-C. See Tex. Penal Code Ann. § 19.05 (Vernon 1989). Cruz
pleaded true to an enhancement paragraph, and the jury sentenced him to twenty years
imprisonment and a $10,000 fine in each case.
      On June 21, 1991, four co-workers, Mike Aguire, Michael Garcia, Raymond Perez and Cruz,
spent the evening together drinking alcoholic beverages and riding around in Cruz's pickup truck. 
The group made several stops during the evening, although the testimony conflicted on how many
stops occurred and who was driving the truck at various times during the evening. The group
stopped at a Circle K convenience store to purchase beer. After being refused, they "peeled out"
of the Circle K parking lot at an excessive rate of speed. Testimony indicated that the truck ran
several red lights before running the red light at 25th Street and Colcord where it collided with
another vehicle. Three passengers were in the other vehicle—a pregnant woman, her five-year-old
daughter, and her young son. The mother and daughter were killed, resulting in the two
manslaughter charges. All of the men in Cruz's truck, except Aguire who was taken to the
hospital, left the scene of the accident before the police arrived.
      Cruz appeals on a single point alleging that the evidence is insufficient to prove that he was
the person operating the vehicle at the time of the collision. Because he limits his appeal to this
narrow point, we will review the evidence only on the question of the identity of the driver. 
Evidence will sustain a conviction if, viewing it in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560
(1979); Geesa v. State, 820 S.W.2d 154, 156-157 (Tex. Crim. App. 1991). Circumstantial
evidence should not be treated by a different standard of review than direct evidence. Johnson v.
State, 803 S.W.2d 272, 279-80 (Tex. Crim. App. 1990), cert. denied, --- U.S. ---, 111 S.Ct. 2914
(1991).
      Michael Garcia testified that Cruz was driving at the time of the collision. He testified that,
throughout the evening, the order of occupants in the truck was: Cruz driving, Aguire next to
Cruz, then Garcia, with Perez sitting by the passenger door. Perez testified that Cruz and Aguire
drove at different times in the evening. Perez could not remember who was driving at the time
of the accident, but did remember that he was sitting by the passenger door and that Garcia was
sitting next to him. Perez and Garcia both testified that they left the scene of the accident. 
      Sandra Aldridge testified that she saw the truck "squeal out" of the Circle K without its
headlights on. She followed behind the truck and saw it run two stop lights. Aldridge arrived at
the scene of the collision about forty-five seconds after impact. She checked on the girl, who had
been thrown from the car, and then went to the passenger side of the truck. She testified that Cruz
was behind the wheel of the truck and another man was on the passenger's side. Cruz was unable
to open the driver's side and pushed the other man out the passenger door to exit the vehicle. 
Cruz then left the scene. Aguire, who had a dislocated right hip, was taken to the hospital. 
Aguire left Waco sometime after the accident, and the police had not been able to locate him. He
was not present at the trial.
      Dr. Ryan, an emergency room physician, testified that Cruz's injuries from the collision were
consistent with his being the driver of the vehicle. He testified that, although it was possible that
a driver could suffer a dislocated hip as Aguire had, it was not usual and he had never seen such
an injury to a driver. Blake Goertz, a serologist with the DPS, testified that blood taken from the
driver's-side door of the truck was Type A blood. Cruz has Type A blood, Perez has Type O,
and Garcia has Type B. Aguire could not be located for a blood sample.
      Two eyewitnesses, Garcia and Aldridge, placed Cruz behind the wheel of the truck. Although
Perez could not remember who was driving, his testified that he was by the passenger door with
Garcia beside him—thus the driver necessarily was Cruz or Aguire. Cruz's injuries were
consistent with his being the driver, and blood on the driver's-side door was consistent with his
blood type. Viewing the evidence in the light most favorable to the verdict, we determine whether
any rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89; Geesa, 820 S.W.2d at 156-57. Under
the Jackson standard, we do not position ourselves as a thirteenth juror in assessing the evidence;
rather, we position ourselves as a final, due-process safeguard ensuring only the rationality of the
factfinder. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We find that a
rational trier of fact could have found the essential element—that Cruz was the driver of the
vehicle—beyond a reasonable doubt. 
      We overrule the point and affirm the judgments.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish


Do not publish